IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| EDMOND M. BUTCH et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALCOA USA CORP. et al., <br><br> Defendants. | No. 3:19-cv-258-RLY-MPB |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO SERVE INTERROGATORIES ON ABSENT CLASS MEMBERS**

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, Defendants Alcoa USA Corp. ("Alcoa") and Retirees Group Benefit Plan for Certain Hourly Employees of Alcoa USA Corp. (together, "Defendants") respectfully move this Court for an order granting Defendants leave to serve on absent class members the interrogatories attached hereto as Exhibit 1 requesting information concerning Defendants' affirmative defense of waiver.

**BACKGROUND**

This case concerns Alcoa's elimination of life insurance benefits for certain hourly retirees effective December 31, 2019. One group of these retirees had been represented during their employment by the unions the USW and the ATC (together, the "USW").[1] The USW and five retirees filed this class action on December 19, 2019, alleging that the elimination of life insurance benefits violated a series of CBAs and plan documents negotiated between Alcoa and

---

[1] The unions' full names are United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC; and Aluminum Trades Council of Wenatchee, Washington AFL-CIO.

the USW. *See* Pls.' Compl., ECF No. 1. The claims are brought under the Employee Retirement Income Security Act (ERISA) and the Labor Management Relations Act (LMRA). *Id.* ¶¶ 7-8.

One of Alcoa's defenses is the fact that nearly all of the retirees signed waivers of their claims for life insurance against Alcoa in exchange for a cash payment. *See* Defs.' Am. Answer at 22, ECF No. 55; Defs.' Resp. to Pls.' Class Cert. Mot. at 8, ECF No. 97 ("Defs.' Cert. Resp."). Alcoa first announced on December 4, 2019 that it intended to eliminate retiree life insurance benefits. *See* Defs.' Cert. Resp. at 8. Over the next five weeks, it sent three letters to its affected retirees. *Id.* The letters provided initial notice and an explanation of the elimination of benefits, offered retirees a one-time payment in exchange for a waiver of their life insurance claims, and provided notice of the filing of this lawsuit. *Id.* Alcoa also established a telephone hotline to assist retirees with any questions. *Id.* A brief summary of the communications follows:

- **The December 5, 2019 Letter.** Alcoa mailed a letter to affected retirees providing notice and an explanation of the elimination of life insurance benefits. Enclosed was a discretionary payment representing a portion of the benefit being eliminated. The letter states in bold, underlined font that cashing the check amounts to a waiver of the retirees' life insurance claims:

  **By endorsing and presenting this check for payment, you are agreeing to waive any claims for life insurance coverage from the Company after December 31, 2019. If you do not agree to this waiver, you should not endorse, deposit, or cash the enclosed check. You may wish to discuss this with your personal financial advisor or attorney, before endorsing, depositing, or cashing the enclosed check.**

  A version of this waiver language appeared on the reverse side of the check, directly below the area for the retiree's signature. The letter further explains that the payment is fully taxable and that Alcoa had enclosed an Internal Revenue Service Form 1099-MISC for the retiree to file with their 2019 income tax return reflecting the payment. The letter advises the retiree to discuss the payment with their tax advisor and/or attorney.

- **The Telephone Hotline.** Alcoa established a telephone hotline and advised its retirees to call with any questions regarding the elimination of life insurance benefits and the payment. Alcoa retained Solenture LLC to administer the hotline, which was made available to all affected retirees Monday through Friday from 9:00 a.m. to 4:00 p.m. EST.

- **The December 26, 2019 Letter.** Plaintiffs filed this lawsuit on December 19, 2019. Defendants were served on December 24 and 27. On December 26, Alcoa mailed a letter to those retirees that Alcoa's records indicated had not yet cashed their checks, reminding them that the last day to cash the check was February 29, 2020. The letter repeats the waiver from the December 5 letter and restates the hotline contact information. The December 26 Letter was part of Alcoa's standard plan administration. At the time of mailing, Plaintiffs' counsel had not contacted Alcoa regarding its communications with its retirees.

- **The January 10, 2020 Letter.** On January 3, 2020, Plaintiffs' counsel sent a letter to Alcoa alleging that its letters were "coercive and misleading" and that the waivers were unenforceable. Among other demands, Plaintiffs' counsel requested that Alcoa agree to send a "curative" letter to all retirees in a format agreeable to them. Alcoa was agreeable to providing notice of the lawsuit. After the parties were unable to reach agreement, Alcoa commenced the process for mailing a new letter. The letter explains that a putative class action had been filed against Alcoa and states that Alcoa will honor checks cashed and reaffirms the waiver language from the previous letters. Further, the letter clarifies the scope of the waiver in light of the Plaintiffs' recently filed lawsuit, stating that "[b]y endorsing and presenting the check for payment, you agree not to bring any claims, or join any class as part of the [Plaintiffs' lawsuit] or any Other Class Action. Additionally, you agree to take whatever actions are necessary to affirmatively opt out of or exclude yourself from any class, settlement, or judgment in the [Plaintiffs' lawsuit] or any Other Class Action."

*Id.* at 8-9. At the same time Alcoa was sending these letters, the USW began sending its own communications to retirees advising them not to sign the waivers. *Id.* at 9. The USW sent these instructions to Local Union officials, who in turn communicated them to retirees via email, social media, and in-person meetings of local chapters of the USW retiree organization, SOAR (Steelworkers Organization of Active Retirees). *Id.* at 9-10. Despite these instructions from the USW, however, most retirees cashed their checks and signed the waiver. *Id.* at 10. The USW and Alcoa received multiple requests for new checks from retirees who had not initially received them. *Id.* Around January 31, 2020, the USW changed its position and instructed local union presidents, activists, and SOAR chapters that retirees could cash the checks without waiving their claims. *Id.* In total, by the February 2020 deadline, 4,970 retirees in the classes (88% of the class members) cashed their checks and signed the waivers. *Id.*

On September 28, 2022, the Court granted Plaintiffs' motion for class certification and certified two classes of approximately 5,661 retirees. ECF No. 117. On November 21, 2022, the Seventh Circuit denied Defendants' petition for leave to file an interlocutory appeal. ECF No. 124. Notice of class certification has not yet been provided to class members; the Court ordered the parties to confer and produce a single proposed notice by January 6, 2023, or competing proposals by January 20, 2023. ECF No. 125.

## **ARGUMENT**

As the class has been certified, Defendants respectfully request leave to serve the interrogatories attached hereto as Exhibit 1 on those absent class members who signed waivers (4,970 class members).

The Seventh Circuit has long recognized that, if certain conditions are met, "absent members of a class who receive notice of the pendency of the class suit may be subjected to the party discovery procedures permitted under the Federal Rules." *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1006 (7th Cir. 1971). Specifically, "absent class members may be propounded written interrogatories on a showing that the information requested is necessary to trial preparation and that the interrogatory is not designed 'as a tactic to take undue advantage of absent class members or as a stratagem to reduce the number of claimants.'" *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974) (quoting *Brennan*, 450 F.2d at 1005)). Here, the proposed interrogatories meet these requirements.

*First*, discovery from absent class members is necessary for Defendants to prepare their defense that nearly all of the class members signed waivers of their claims for life insurance against Alcoa in exchange for cash payments. Under Seventh Circuit law and ERISA, "for a release to be valid, the party must sign it knowingly and voluntarily." *Howell v. Motorola, Inc.*,

4

633 F.3d 552, 559 (7th Cir. 2011).  This is an individualized analysis that requires examining "the totality of the circumstances surrounding the signature" of every individual retiree, *including* (but not limited to) the following:

> (1) the employee's education and business experience; (2) the employee's input in negotiating the terms of the settlement; (3) the clarity of the agreement; (4) the amount of time the employee had for deliberation before signing the release; (5) whether the employee actually read the release and considered its terms before signing it; (6) whether the employee was represented by counsel or consulted with an attorney; (7) whether the consideration given in exchange for the waiver exceeded the benefits to which the employee was already entitled by contract or law; and (8) whether the employee's release was induced by improper conduct on the defendant's part.

*Id.* (quoting *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 571 (7th Cir. 1995)). This individualized standard makes clear that discovery from the absent class members who signed waivers of their claims is necessary in order for Defendants to prepare their defense that the class members signed the waivers "knowingly and voluntarily."  *Id.*  This discovery is necessary now because Plaintiffs have indicated in their filings that they intend to move to attempt to invalidate the waivers through motion briefing.  *See* Pls.' Reply Br. Supp. Class Cert. at 19-20, ECF No. 101.  As such, Defendants require this discovery in order to prepare their defenses against Plaintiffs' planned arguments in motion briefing and at trial.

      Other district courts in the Seventh Circuit have granted leave to serve discovery on absent class members in similar circumstances.  In *Hammond v. Trans World Airlines, Inc.*, a class action brought under ERISA, an airline eliminated the retirement plan for its pilots and offered the pilots a lump sum check and obtained releases of their claims.  No. 89 C 8398, 1991 WL 93498, at *1-3 (N.D. Ill. May 22, 1991).  The plaintiffs argued that the pilots had been misled by the airline, and the airline moved for leave to serve discovery upon absent class members.  *Id.*  The court granted the airline's motion, finding that "[i]n order for defendants to prepare a defense to [the plaintiffs'] individualized allegations" that the pilots were misled by the

5

airline, "they need information from individual class members," including information regarding the "releases signed by some of the absent class members when they received their lump sum checks." *Id.* at *3. Like the plaintiffs in *Hammond*, Defendants here require absent class member discovery to prepare their defense of waiver in response to Plaintiffs' allegations.

**Second**, this is not a case in which Defendants are attempting to serve indiscriminate discovery on all absent class members in the hope of reducing the overall size of the class or to harass the class participants. To the contrary, the proposed interrogatories are narrowly tailored to obtain the specific information required under Seventh Circuit law only from those class members who signed waivers. Defendants have attempted to limit the number of interrogatories and make them as simple and straightforward as possible. A class member would not need technical or legal advice to answer the questions as to the circumstances under which they signed the waivers. As such, they are entirely proper.

**Third**, Defendants' due process rights depend on obtaining such discovery. In *Wal-Mart Stores v. Dukes*, the Supreme Court held that the Rules Enabling Act, 28 U.S.C. § 2072, mandates allowing defendants to raise their affirmative defenses. *See* 564 U.S. 338, 367 (2011). The Supreme Court explained that "because the Rules Enabling Act forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right,' a class cannot be certified on the premise that [a defendant] will not be entitled to litigate its statutory defenses to individual claims." *Id.* (quoting 28 U.S.C. § 2072). The same principle applies to the defendant's right to bring a "challenge to a plaintiff's ability to prove an element of liability." *In re Asacol Antitr. Litig.*, 907 F.3d 42, 53 (1st Cir. 2008). Under these principles, Defendants must be given a fair opportunity to contest liability, which requires individualized information as to each retiree who signed a waiver. The need for such information has already been revealed by discovery. Plaintiffs'

filings broadly allege that the waivers were confusing and misleading to the retirees, *see* Pls.' Am. Compl. 23, ECF No. 44, but deposition testimony of the class representatives revealed that nobody found the waiver confusing, *see* Defs.' Cert. Resp. 13-14.  Alcoa should be given the opportunity to develop similar evidence as to the rest of the class members.

Accordingly, for the above reasons, Defendants respectfully request leave to serve on absent class members the interrogatories attached hereto as Exhibit 1.  Because class-certification notice has not yet been approved by the Court or sent to the class members, Defendants respectfully suggest that the interrogatories be included in the class-certification notice sent to the class members who signed the waivers.   Finally, Defendants reserve their right to move for depositions of absent class members if necessary.  *See Clark*, 501 F.2d at 340.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court grant its motion for leave to serve interrogatories on absent class members.  A proposed form of order is attached.

Respectfully submitted,

MARK MILLER LAW OFFICE

Dated:  December 14, 2022

/s/ *Mark E. Miller*
Mark E. Miller (Attorney No. 10458-82)
915 Main Street – Suite 203
P.O. Box 3009
Evansville, Indiana  47730
Telephone: 812.303.3444
mmiller@indianalawonline.com

K&L GATES LLP

Thomas Birsic (admitted *pro hac vice*)
Jeffrey Richter (admitted *pro hac vice*)
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222

Telephone: 412.355.6500
Fax: 412.355.6501
thomas.birsic@klgates.com
jeff.richter@klgates.com

Rosemary Alito (admitted *pro hac vice*)
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Telephone: 973.848.4000
Fax: 973.848.4001
rosemary.alito@klgates.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on December 14, 2022, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court to be served on all counsel of record by operation of the Court's CM/ECF filing system.

/s/ *Mark E. Miller*
Mark E. Miller