UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
Evansville Division

| | |
|---|---|
| EDMOND M. BUTCH, et al.,<br><br>        Plaintiffs,<br>v.<br><br>ALCOA USA CORP, et al.,<br><br>        Defendants. | Case No.: 3:19-cv-00258-RLY-MJD<br><br>Demand for Jury Trial |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and Local Rule 56-1, Plaintiffs, on behalf of themselves and the Class and Subclass certified by this Court's September 28, 2022 Order (ECF No. 117), hereby move for summary judgment as Counts I-IV of their Amended Class Action Complaint (ECF No. 44) and as to Defendants' (hereinafter "Alcoa's") Thirteenth Affirmative Defense (ECF No. 55 at 22). In support thereof, Plaintiffs state as follows:

1. Plaintiffs are entitled to summary judgment as to Count I of the Amended Class Action Complaint (ECF No. 44 at 19-20) under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C § 185(a), as the undisputed facts of record demonstrate that Alcoa breached the parties' 2019-2023 collective bargaining agreement ("2019 CBA") and the relevant terms of the incorporated 2013 Retiree Life summary plan description ("SPD") when it unilaterally terminated Company-paid retiree life insurance benefits on December 31, 2019.

2. Plaintiffs are entitled to summary judgment as to Count II of the Amended Class Action Complaint (ECF No. 44 at 20-21) under Section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C § 1132(a), as by breaching the terms of the 2019 CBA and 2013 Retiree Life SPD Alcoa violated the terms of a negotiated ERISA employee

welfare benefit plan.

3. The undisputed facts of record demonstrate that Alcoa has agreed to renew the relevant contractual terms in effect under the 2019 CBA and the 2013 Retiree Life SPD as part of the parties' 2023-2026 CBA ("2023 CBA"), and thus, Alcoa remains in breach of the 2023 CBA and the negotiated plan by failing to reinstate Company-paid life insurance.

4. Plaintiffs are entitled to summary judgment as to Count III of the Amended Class Action Complaint (ECF No. 44 at 21) under Section 301 of the LMRA, 29 U.S.C § 185(a), as the undisputed facts of record demonstrate that Alcoa breached the terms of the CBAs and incorporated SPDs in effect when Subclass Members retired when it unilaterally terminated Voluntary retiree life insurance benefits effective December 31, 2019.

5. Plaintiffs are entitled to summary judgment as to Count IV of the Amended Class Action Complaint (ECF No. 44 at 22-23) under Section 502(a) of the ERISA, 29 U.S.C § 1132(a), as by breaching the CBAs and incorporated SPDs in effect when Subclass Members retired it violated the terms of a negotiated ERISA employee welfare benefit plan.

6. Plaintiffs are entitled to summary judgment as to Alcoa's Thirteenth Affirmative Defense that Class Members who accepted a cash payment from Alcoa have waived their claims for life insurance benefits, (ECF No. 55 at 22), as the undisputed facts of record demonstrate that enforcement of any such waiver would violate public and statutory policy and therefore should be held unenforceable under the Supreme Court's holdings in *Newton v. Rumery*, 480 U.S. 386, 392 (1987) and *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 704 (1945). Furthermore, the undisputed facts of record demonstrate that Alcoa endeavored to procure waivers before Class Members had notice that the instant class action was being pursued on their behalf and thus the waivers should be held invalid under the Court's inherent authority under *Gulf Oil Co. v.*

*Bernard*, 452 U.S. 89, 100 (1981) to enter appropriate orders governing the conduct of parties to class actions. Finally, the undisputed facts of record also demonstrate that no Class Member could be deemed to have "knowingly and voluntarily" waived their rights to retiree life insurance benefits within the meaning of *Howell v. Motorola, Inc.*, 633 F.3d 552 (7th Cir. 2011).

WHEREFORE, for the reasons explained in Plaintiffs' supporting Memorandum of Law and the other materials filed with this Motion, Plaintiff requests that the Court grant this motion for summary judgment. A proposed order is filed herewith.

Dated:  July 14, 2023,	Respectfully submitted,

  s/Joel R. Hurt
    Joel R. Hurt

**FEINSTEIN DOYLE PAYNE
   & KRAVEC, LLC**

William T. Payne
Pamina Ewing
Joel R. Hurt
Ruairi McDonnell
429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, Pennsylvania 15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007
pewing@fdpklaw.com
wpayne@fdpklaw.com
jhurt@fdpklaw.com
rmcdonnell@fdpklaw.com

**MACEY SWANSON LLP**
Barry A. Macey
Jeffrey A. Macey
429 N. Pennsylvania Street, Suite 204
Indianapolis, Indiana 46204
Telephone: (317) 637-2345
Facsimile: (317) 637-2369
bmacey@maceylaw.com
jmacey@maceylaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

      I hereby certify that, on July 14, 2023, a copy of the foregoing document was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the court's system.

                                              s/Joel R. Hurt  
                                              Joel R. Hurt