UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
Evansville Division

| | |
|---|---|
| EDMOND M. BUTCH, et al., | |
| Plaintiffs, | Case No.: 3:19-cv-00258-RLY-MJD |
| v. | Demand for Jury Trial |
| ALCOA USA CORP, et al., | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs brought suit against Alcoa USA Corp. and related Defendants ("Alcoa") to enforce collectively bargained agreements ("CBAs") that grant retired employees a contractual right to retiree life insurance benefits which were terminated by Alcoa effective December 31, 2019. (ECF No. 44). On September 28, 2022, the Court appointed Plaintiffs Edmond M. Butch, Charles R. Wyatt, Martin L. Ellison, Daniel A. Henry, and Robert H. Crow to represent a Class of retirees whose Company-paid retiree life insurance was terminated by Alcoa, (ECF No. 117 at 21-22) and appointed Mr. Crow to represent a Subclass of retirees whose Voluntary life insurance was terminated by Alcoa. (*Id.* at 23.) On June 14, 2023, Plaintiffs moved for summary judgment under Fed R. Civ. P. 56(a) as to the claims brought under Counts I-IV of the Amended Class Action Complaint, (ECF No. 44 at 19-23), and as to Alcoa's Thirteenth Affirmative Defense that that Class Members who accepted a cash payment from Alcoa have waived their claims for life insurance benefits, (ECF No. 55 at 22).

**NOW**, this ___ day of _____, 2023, upon consideration of Plaintiffs' Motion for Summary Judgment, their supporting memorandum of law and other supporting documents, as well as the opposition thereto, and the entire record in this case, the Motion is hereby **GRANTED**,

and summary judgment is entered in favor of the Plaintiffs and the Class and Subclass. The Court hereby **ORDERS** as follows:

1. For at least the term of the 2023-2026 CBA between Alcoa and the USW, Alcoa may not terminate or reduce the Company-paid retiree life insurance that had been provided to Class Members prior to Alcoa's termination of such coverage effective December 31, 2019, without agreement of the USW.

2. Alcoa may not terminate or reduce the Voluntary retiree life insurance that had been provided to Subclass Members prior to Alcoa's termination of such coverage effective December 31, 2019, without agreement of the USW.

3. Alcoa must reinstate said coverages and promptly make such coverage available to all Class Members (for Company-paid insurance) and Subclass Members (for Voluntary life insurance).

4. The beneficiary of any Class or Subclass Member who has died since Alcoa terminated said coverages shall be entitled to the coverage in effect before Alcoa terminated those coverages.

5. No Class Member or Subclass Member has waived any claim for these life insurance coverages by virtue of cashing a check sent by Alcoa at the same time it announced the termination of those coverages.

6. No later than twenty-one (21) days after entry of this Order, Alcoa must file a detailed explanation of its actions pursuant to Paragraphs 3 and 4.

7. Within thirty (30) days of this Order, Plaintiffs shall file any motion for attorneys' fees, costs, and expenses incurred in this matter.

**IT IS SO ORDERED.**

By the Court:

_____.

**Served electronically on all ECF-registered counsel.**